This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38845**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**TIMOTHY CHAVEZ,**

      Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Courtney B. Weaks, Metropolitan Court Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
William A. O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}** Defendant appeals from his convictions for aggravated driving while under the influence of intoxicating liquor or drugs, resisting, evading, or obstructing an officer, and speeding. [MIO 1; DS 2] This Court issued a calendar notice proposing to affirm Defendant's convictions. Defendant has filed a memorandum in opposition with this Court, which we have duly considered. Unpersuaded, we affirm.

**{2}** On appeal, Defendant challenges the sufficiency of the evidence to support his convictions [DS 2], which we proposed to affirm in this Court's calendar notice. In response, Defendant continues to assert that there was insufficient evidence to support

each conviction, specifically arguing that the arresting officer's "testimony was a fabrication" and that he performed poorly on the field sobriety tests due to his prescription medication use. [MIO 1-2] As such, Defendant's argument challenges the weight the jury gave the evidence below. However, appellate courts do not reweigh the evidence or reassess credibility determinations on appeal. *See State v. Slade*, 2014-NMCA-088, ¶ 13, 331 P.3d 930 ("[A]ppellate courts do not search for inferences supporting a contrary verdict or re-weigh the evidence because this type of analysis would substitute an appellate court's judgment for that of the jury." (internal quotation marks and citation omitted)); *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie). Rather, on appeal, we review whether the fact-finder's "decision is supported by substantial evidence, not whether the [trial] court could have reached a different conclusion." *In re Ernesto M., Jr.,* 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318.

**{3}** Accordingly, for the reasons stated above and in our notice of proposed disposition, we affirm Defendant's convictions.

**{4}** **IT IS SO ORDERED**.

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**BRIANA H. ZAMORA, Judge**